**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Norfolk Division)**

| | | |
|---|---|---|
| A.L.M. HOLDING COMPANY and | ) | |
| ERGON ASPHALT & EMULSIONS, INC. | ) | |
| | ) | |
| Plaintiffs. | ) | Civil Action No. 3:23-cv-467 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HI-TECH ASPHALT SOLUTIONS, INC., | ) | |
| ZYDEX INDUSTRIES and | ) | |
| ZYDEX INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs A.L.M. Holding Company ("A.L.M") and Ergon Asphalt & Emulsions, Inc.

("Ergon") (collectively "Plaintiffs"), for their complaint against Hi-Tech Asphalt Solutions, Inc.

("HTAS"), Zydex Industries, and Zydex Inc. (collectively "Zydex"), allege as follows:

## INTRODUCTION

1.      This is a case about infringement of patents related to paving compositions for

asphalt roads and surfaces. The patents claim paving compositions and paving methods using

"warm mix" paving compositions that are produced and compacted at reduced temperatures

compared to the production and compaction temperatures required for conventional "hot mix"

paving compositions. Because warm mix paving compositions are produced, laid down, and

compacted at significantly lower temperatures than hot mix paving compositions, the inventive

warm mix paving compositions have several advantages over hot mix paving compositions,

including reduced energy consumption, reduced emissions and odors, safer working conditions,

quicker reopening of new and repaired roadways, reduced thermal aging of the asphalt binder,

and improved pavement life. The inventive warm mix technology has revolutionized the asphalt paving industry.

2.     Defendants make, distribute, and sell additives used to make infringing warm mix paving compositions and induce their infringing uses.

## THE PARTIES

3.     A.L.M. is a Wisconsin corporation with a principal place of business at 920 10th Avenue North, Onalaska, Wisconsin 54650. A.L.M. is a holding company of various businesses, including Mathy Construction Company, which is a family-owned asphalt contractor and major supplier of aggregates used for road construction asphalt highway and construction projects throughout the Midwest. The company is a national leader in industry research and development of sustainable products and green technologies, including intellectual property co-owned by A.L.M. and Ergon.

4.     Ergon is a Mississippi corporation with a principal place of business at 2829 Lakeland Drive, Jackson, Mississippi 39232, and is part of a family of businesses within Ergon, Inc., which is a family-owned business focused on petroleum products, transportation, and construction. Ergon makes and markets asphalt products and has become the largest asphalt marketer in North America. Ergon is also a national leader in asphalt industry research and development, including intellectual property co-owned by A.L.M. and Ergon.

5.     HTAS is a Virginia corporation with a principal place of business at 6055 Mechanicsville Turnpike, Mechanicsville, Virginia 23111. HTAS is a supplier of materials used in asphalt road construction projects. According to HTAS's website, one of its areas of expertise includes warm mix asphalt (*See, e.g.,* https://www.htas.com/home).

6.     Zydex Industries is a foreign company based in India, with a principal place of business at Zydex House, 61, Gotri – Sevasi Road, Vadodara – 390021, Gujarat, India.  Upon information and belief, it is a manufacturer of chemical products, including the infringing products sold by defendant HTAS.

7.     Zydex Inc. is a North Carolina corporation with a principal place of business at 106 Kitt Hawk Drive, Morrisville, NC 27560.  Upon information and belief, it is a U.S. subsidiary that imports and distributes chemical products, including the infringing products made by defendant Zydex Industries.

## JURISDICTION AND VENUE

8.     This is an action for infringement of U.S. Patent No. 7,815,725 B2 ("the '725 Patent"), and U.S. Patent No. 7,981,466 B2 ("the '466 Patent").

9.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over HTAS because it is incorporated in Virginia and has committed acts of infringement in this judicial district.

12.     The Court has personal jurisdiction over Zydex Industries because it is a foreign corporation that sells infringing products into this country and thus has availed itself of the jurisdiction of this court.

13.     The Court has personal jurisdiction over Zydex Inc. because it does business in this judicial district and has committed acts of infringement in this district as described herein.

14.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because this action is a civil action for patent infringement in which a substantial part of the events giving rise

3

to this action occurred, there is no district in which all three defendants reside, and all three defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

*The Patents-in-Suit*

15.     On October 19, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 7,815,725 B2 entitled "Warm Asphalt Binder Compositions Containing Lubricating Agents."

16.     On April 1, 2013, and following examination by the USPTO in two consolidated *ex parte* reexamination requests which had been separately filed by third-party requestors ArrMaz Custom Chemicals ("ArrMaz") and Sasol Wax GmbH, the USPTO affirmed the patentability of claims 1-18 of the '725 patent (as amended), determined the patentability of claims 19-52 (as newly added), and issued Ex Parte Reexamination Certificate US 7,815,725 C1 for the '725 patent.

17.     On March 3, 2015, and following examination by the USPTO in an additional *ex parte* reexamination request filed by third-party requestor Akzo Nobel Surface Chemistry, LLC ("Akzo"), the USPTO affirmed the patentability of claims 1-52 of the '725 patent, and issued Ex Parte Reexamination Certificate US 7,815,725 C2 for the '725 patent.

18.     Copies of the '725 patent and its US 7,815,725 C1 and US 7,815,725 C2 Reexamination Certificates are attached hereto as **Exhibit A**.

19.     The '725 patent relates to and claims asphalt paving compositions containing a lubricating additive. Among other things, the claimed compositions are produced at and are at a warm mix temperature at least 30-100° F lower than a comparison temperature needed to

4

produce a comparison paving composition containing binder-coated aggregate without the lubricating additive.

20.     A.L.M. and Ergon are joint owners of all rights, title, and interest in and to the '725 patent.

21.     The '725 patent is valid and enforceable, and has been successfully litigated as discussed below.

22.     On July 19, 2011, the USPTO duly and legally issued U.S. Patent No. 7,981,466 B2 entitled "Warm Mix Asphalt Binder Compositions Containing Lubricating Additives."

23.     On February 19, 2015, and following examination by the USPTO in an *ex parte* reexamination request filed by third-party requestor Akzo, the USPTO affirmed the patentability of claims 1-26 of the '466 patent, and issued Ex Parte Reexamination Certificate US 7,781,466 C1 for the '466 patent.

24.     Copies of the '466 patent, its Certificate of Correction and its US 7,781,466 C1 Reexamination Certificate are attached hereto as **Exhibit B**.

25.     The '466 patent is a division of the '725 patent, and relates to and claims methods of making bituminous (*viz.,* asphalt) paving compositions containing a lubricating additive, methods of making warm mix paving compositions containing a lubricating additive, methods of forming a paved surface using a warm mix paving composition containing a lubricating additive, and a paving process using a warm mix paving composition containing a lubricating additive. Among other things, the claimed compositions are produced or mixed at warm mix temperatures as further defined in the '466 patent claims.

26.     A.L.M. and Ergon are joint owners of all rights, title, and interest in and to the '466 patent.

27.     The '466 patent is valid and enforceable, and like the '725 patent has been successfully litigated as discussed below.

***The Exclusive License to Ingevity***

28.     Effective January 1, 2008, A.L.M. and Ergon granted a royalty-bearing, worldwide license under and to several patent families (including the patent family that resulted in the patents-in-suit), to MeadWestvaco Corporation ("MWV"). MWV was a manufacturer and seller of asphalt additives, including its Evotherm® line of warm mix additives which were made and sold under the license. The MWV license was exclusive subject to certain rights reserved by A.L.M. and Ergon, and provided to MWV various rights under and to the patents-in-suit, including the right to grant sublicenses to third parties, and the right to assign or otherwise transfer MWV's license to a third party in connection with certain transfers of MWV's assets or voting stock, or in connection with MWV's merger, consolidation or reorganization.

29.     In 2015, MWV formed WestRock Company ("WestRock") in a merger of MWV with RockTenn Company. In 2016, WestRock formed Ingevity Corporation ("Ingevity") as a spinoff standalone company involved in the specialty chemicals businesses, including asphalt additives, formerly handled by MWV and WestRock. Due to the above-mentioned transfer provision, Ingevity replaced MWV as the exclusive licensee of the patented technology, with the right to grant sublicenses. Ingevity continues to market and sell Evotherm® additives throughout the world.

***The Prior Litigation***

30.     In 2013, A.L.M., Ergon and MWV sued Akzo for infringement of the patents-in-suit in the United States District Court for the District of Delaware, Civil Action No. 13-CV-1069-GMS.

31.     In 2013, A.L.M., Ergon, and MWV also sued ArrMaz for infringement of the patents-in-suit in the United States District Court for the District of Delaware, Civil Action No. 13-CV-1070-GMS.

32.     The two lawsuits were consolidated for pre-trial purposes, including claim construction.

33.     After extensive claim construction briefing and argument, in an order dated and filed on November 5, 2014, U.S. District Court Judge Gregory M. Sleet construed the disputed claim terms of the patents-in-suit.

34.     In August, 2015, and prior to trial, defendant ArrMaz agreed to take a royalty bearing sublicense from MWV under the patents-in-suit.

35.     In October, 2015, and prior to trial, defendant Akzo agreed to take a royalty bearing sublicense from MWV under the patents-in-suit.

36.     On information and belief, the licensed asphalt additives sold by Ingevity, ArrMaz Products Inc. (a successor to ArrMaz now owned by Arkema), and Nouryon (a successor to Akzo) collectively represent the largest-selling warm mix additives in the U.S.

***The Zycotherm Asphalt Additives Sold by HTAS***

37.     Defendant HTAS is a distributor of products made by Zydex Industries and imported by Zydex Inc.  The Zydex products sold by HTAS include ZycoTherm ("ZT") (*See, e.g.*, https://www.htas.com/zycotherm), and on information and belief, the Zydex products ZycoTherm SP ("SP") and ZycoTherm SP2 ("SP2").

38.     According to a Zydex *"ZycoTherm™ Material Safety Data Sheet"* (MSDS) dated 6/2012, ZT contains *"hydroxyalkylalkylsilyl compounds 65-70%, benzyl alcohol (CAS # 100-51-6) 25-27%, and ethylene glycol (CAS # 107-21-1) 3-5%"*. Also, according to a Zydex

7

*"ZycoTherm-SP™ Safety Data Sheet"* (SDS) dated 6/2018, SP contains *"alkoxyalkylsilyl compounds 39-41%, benzyl alcohol (CAS # 100-51-6) 58-60%, and ethylene glycol (CAS # 107-21-1) 1-2%"*. On information and belief, Zydex personnel have said that SP *"and other blends of ZycoTherm have all utilized the same silane chemistry and components.  The ratios have been modified over the years to help make the product more user friendly in both the field and the lab."*, and that SP2 *"is still a silane, but the molecules along with the carriers have been modified.  In essence, its basically ZycoTherm-SP on steroids."*

39.     According to the HTAS website, ZT *"Eliminates stripping"*, *"Reduces stickiness on trucks and compaction rollers up to 194°F"*, *"Improves field compaction up to 194 °F"* and *"Improves coating up to 248 °F"* (See https://www.htas.com/zycotherm). According to the Zydex website, ZT is a *"next generation antistrip additive with the additional benefit of warm mix asphalt (WMA)"* and with asserted benefits including *"temperature reduction up to 30°C (60°F) during mix production and field compaction"*, *"superior coating and wetting attributes"*, *"excellent warm mix asphalt benefits"*, *"reduces production temperatures to as low as 135 °C (275 °F)"*, and *"Consistent and easy compaction can be achieved up to temperatures of 98 °C (210 °F)"*. (See, e.g., https://zydexgroup.com/wp-content/uploads/2023/06/120623-Zycotherm-Brochure.pdf). ZT consequently is what is known in the asphalt industry as an "antistrip" or "antistripping" agent or additive, and also is what is known in that industry as a "warm mix additive".

40.     According to the Zydex website, *"ZycoTherm's special variants ZycoTherm-SP and ZycoTherm-SP2 allow a reduction in mixing temperature (up to 30°C) and compaction temperatures (by 30-40°C), making it an environmentally friendly warm mix additive."* (See, e.g., https://zydexgroup.com/bitumen-additive). On information and belief, Zydex personnel have

said that SP *"ZycoTherm-SP is a great anti-strip and a good WMA"* and that SP2 *"is a whole other animal in terms of performance, not only as a LASA, but as a WMA"*, with the term "LASA" referring to liquid antistrip additives. SP and SP2 consequently are both what is known in the asphalt industry as "antistrip" or "antistripping" agents or additives, and also is what is known in that industry as "warm mix additives".

### Infringement of the '725 Patent

41.     Independent claim 1 of the '725 patent recites:

1. A warm mix asphalt paving composition comprising i) functionally dry, essentially water-free, non-foamed asphalt binder containing ii) lubricating additive comprising lubricating surfactant, lubricating non-surfactant, lubricating acid or combination thereof, mixed with iii) uncompacted aggregate to provide aggregate coated with binder and lubricating additive; wherein the warm mix asphalt paving composition is produced at and is at a warm mix temperature at least 30° F. lower than a comparison temperature needed to produce a comparison paving composition containing binder-coated aggregate without the lubricating additive, and if the lubricating additive comprises a lubricating wax, the wax is 0.5 weight percent or less of the asphalt binder weight.

42.     Independent claim 25 of the '725 patent recites:

25. A warm mix asphalt paving composition comprising i) functionally dry, essentially water-free, non-foamed asphalt binder containing ii) lubricating additive selected from the group consisting of lubricating surfactant, lubricating non-surfactant other than non-surfactant additives based on wax chemistry, lubricating acid or combination thereof, mixed with iii) uncompacted aggregate to provide aggregate coated with binder and lubricating additive, wherein the warm mix asphalt paving composition is produced at and is at a warm mix temperature at least 30° F lower than a comparison temperature needed to produce a comparison

paving composition containing binder-coated aggregate without the lubricating additive.

43.     The sale by defendant HTAS of the Zydex product ZT, and on information and belief the sale by HTAS of the Zydex products SP and SP2, represents induced or contributory infringement of at least independent claims 1 and 12 of the '725 patent, for reasons discussed above and in more detail below.

44.     Plaintiffs have tested the ZT, SP and SP2 products using parallel plate lubricity testing in steady shear testing mode in accordance with the '725 patent, and have determined ZT, SP and SP2 are each "lubricating additives" as defined in the '725 patent. Moreover, according to the Zydex document LTP-RD-ZT-001-01 entitled *"Zydex® Laboratory Test Protocol Zycotherm Mixing Protocol"* dated November 2, 2012 (emphasis added), *"ZycoTherm has a positive effect on mixing, workability and compaction of warm mix asphalt (WMA). Its superior aggregate wetting and coating properties, ensures uniform [binder] film thickness and better **lubrication** of the warm mix."*

45.     Plaintiffs have also determined that the ZT, SP and SP2 products are each a "lubricating surfactant" as defined in the '725 patent. On information and belief, the Zydex website initially said that ZT was a "surfactant", but that statement has been removed from the website. A paper by Hasan et al., *Performance Characterizations of Asphalt Binders and Mixtures Incorporating Silane Additive ZycoTherm,* AIP Conference Proceedings, October 2017) identifies ZT as being a *"surfactant-based silane additive"*, see p.1. On information and belief, and because as noted above SP2 "uses the same silane chemistry" as SP and other blends of ZycoTherm, SP2 would also be determined be a surfactant. Consequently, ZT, SP and SP2 are each a "lubricating additive comprising a lubricating surfactant" as called for in the '725 patent.

46.     When used in accordance with the video at https://www.htas.com/zycotherm and the Zydex brochure entitled *"R_Zycotherm-Flyer_ENG_2018_1.0"*,  ZT, SP and SP2 are each added to a functionally dry, essentially water-free, non-foamed asphalt binder as required by the claims of the '725 patent, and are also mixed with the uncompacted aggregate described in the '725 patent claims to produce a warm mix asphalt paving composition at a temperature which is at least 30° F lower than a comparison paving composition containing binder-coated aggregate without the lubricating additive. The Zycotherm products sold by HTAS are consequently used to infringe the claims of the '725 patent, including at least claims 1 and 25.

***Infringement of the '466 Patent***

47.     Independent claim 1 of the '466 patent recites:

1. A method of making bituminous paving comprising the steps of:

  (a) mixing a non-foamed asphalt binder composition and lubricating additive selected from the group consisting of a lubricating surfactant, lubricating acid, viscosity modifier, dispersant viscosity modifier, additive containing viscosity modifier or dispersant modifier, extrusion and molding production processing aid, polyolefin, sulfur and combinations thereof, with aggregate at a temperature of 280° F. or lower, to coat the aggregate and produce a heated paving material at a warm mix temperature at least 30-100° F. lower than a comparison production temperature needed to produce a comparison paving composition containing binder-coated aggregate without the lubricating additive;

  (b) applying the heated paving material to a surface to be paved to provide an applied paving material, and

  (c) compacting the applied paving material at a temperature of 260° F. or lower to form a paved surface.

48.     Independent claim 12 of the '466 patent recites:

12. A method of making a warm mix paving composition

comprising the steps of:

(a) adding a lubricating additive selected from the group consisting of a lubricating surfactant, lubricating acid, viscosity modifier, dispersant viscosity modifier, additive containing viscosity modifier or dispersant viscosity modifier, extrusion and molding production processing aid, polyolefin, sulfur and combinations thereof, to an asphalt binder composition, and

(b) mixing the asphalt binder composition with aggregate to coat the aggregate and produce a functionally dry, essentially water-free, non-foamed warm mix paving composition and at a warm mix temperature which is at least 30° F. lower than a comparison production temperature needed to produce a comparison paving composition containing binder-coated aggregate without the lubricating additive.

49.    Independent claim 17 of the '466 patent recites:

17. A method of forming a paved surface comprising the steps of:

(a) mixing aggregate with a functionally dry, essentially water-free, non-foamed asphalt binder composition comprising an asphalt binder and a lubricating additive selected from the group consisting of a lubricating surfactant, a lubricating acid, viscosity modifier, dispersant viscosity modifier, additive containing viscosity modifier or dispersant viscosity modifier, extrusion and molding production processing aid, polyolefin, sulfur and combinations thereof to coat the aggregate and produce a warm mix paving composition at a warm mix temperature at least 30-100° F. lower than a comparison production temperature needed to produce a comparison paving composition containing binder-coated aggregate without the lubricating additive;

(b) supplying the warm mix paving composition to a paving machine at a site to be paved;

(c) applying the warm mix paving composition to the site to be paved; and

(d) compacting the applied warm mix paving composition to form a paved
surface.

50. Independent claim 20 of the '466 patent recites:

20. A paving process comprising:

(a) adding a lubricating substance consisting of an antistripping agent to a
non-foamed asphalt binder heated to within a warm mix temperature range
to create a warm mix lubricated asphalt binder composition;

(b) combining the warm mix lubricated asphalt binder composition with a
suitable aggregate;

(c) mixing to coat the aggregate with the lubricated asphalt binder
composition to form a warm mix paving material;

(d) transferring the warm mix paving material to a paving machine;

(e) applying the warm mix paving material with the paving machine to a
prepared surface at a warm mix paving temperature; and then

(f) compacting the applied paving material to form a paved
surface.

51.     The sale by defendant HTAS of the Zydex product ZT, and on information and
belief the sale by HTAS of the Zydex products SP and SP2, represents induced or contributory
infringement of at least independent claims 1, 12, 17 and 20 of the '466 patent, for reasons like
those discussed above in connection with the '725 patent.

52.     For example, Plaintiffs have determined ZT, SP and SP2 are each "lubricating
additives" and a "lubricating surfactant" as defined in the '466 patent. Also, when used in
accordance with the video at https://www.htas.com/zycotherm and the Zydex brochure entitled
*"R_Zycotherm-Flyer_ENG_2018_1.0"*,  ZT, SP and SP2 are each added to an asphalt binder as
required by the claims of the '466 patent, and are also mixed with aggregate described in the
'466 patent claims to produce a warm mix asphalt paving composition at a temperature which is

13

at least 30° F lower than a comparison paving composition containing binder-coated aggregate without the lubricating additive. The Zycotherm products sold by HTAS are consequently used to infringe the claims of the '466 patent, including at least independent claims 1, 12, 17 and 20.

53.     With regard to the temperature reduction characteristics described in the claims of the patents-in-suit, upon information and belief, Zydex with the assistance of HTAS has commissioned testing demonstrating the compaction temperatures of the Zycotherm products, using Ingevity's licensed Evotherm® products as a benchmark.

54.     Zydex and its distributors, including HTAS, have also made numerous public admissions about the ability of the Zycotherm products to result in reduced mixing and compaction temperatures and enhanced compaction and adhesion.

55.     A representative sample of HTAS infringement of the patents-in-suit includes sales of Zycotherm products that have been used in several construction projects in Virginia, including jobs performed by Colony Construction, Inc. of Powhatan, Virginia, in projects for the Virginia Department of Transportation ("Virginia DOT"), including Virginia DOT project numbers HSIP-006-662, N501; HSIP-006-662, N502; PM3D-073-F21, N501; PM3D-963-F21, N501; 0621-024-598, B624, C501; PM3D-963-F22, N501. These projects were completed in 2020 and 2021.

56.     Upon information and belief, this is a just a small sample of the numerous acts of infringement committed by HTAS in Virginia and elsewhere.

***Prior Notice to HTAS and Zydex***

57.     In September 2017, Plaintiffs sent a letter to Zydex and HTAS concerning their marketing of ZT and two other products (ZycoTherm-EZ and Zycosoil) and listing a portfolio of Plaintiffs' US patents including the patents in suit and their Reexamination Certificates.

Plaintiffs' letter advised Zydex and HTAS that Plaintiffs believed a license under the portfolio may be needed to import, manufacture, sell, offer for sale or use one or more of the Zydex products in the U.S. and other countries listed in the portfolio.

58.     HTAS did not reply to Plaintiff's September 2017 letter, but by virtue of Plaintiff's letter was placed on notice of the patents-in-suit.

59.     Zydex replied to Plaintiffs' letter in October 2017 requesting further details and contact information for Ingevity.

60.     On information and belief, the ZT, ZycoTherm-EZ and Zycosoil products had achieved only a relatively small sales volume.  Plaintiffs did not send a further letter to Zydex.

61.     Zydex has since then launched its SP and SP2 products. The SP2 product is in particular an improved warm mix additive, and on information and belief now has substantial sales. As discussed above, SP2 has on information and belief been described by Zydex's personnel as *"basically ZycoTherm-SP on steroids"* and *"a whole other animal in terms of performance, not only as a LASA, but as a WMA."*

## COUNT I
## INFRINGEMENT OF THE '725 PATENT

62.     Plaintiffs repeat the allegations of paragraphs 1 through 61 above as fully set forth herein.

63.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '725 patent, literally or under the doctrine of equivalents, by importing, offering for sale, and/or selling products, including the Zycotherm ZT, SP and SP2 products described herein, to be used in warm mix asphalt paving compositions that embody the patented invention.

64.     Defendants contributorily infringe one or more claims of the '725 patent by importing, selling, and offering to sell lubricating additives, including the Zycotherm ZT, SP and SP2 products described herein, that are material to making the compositions claimed in the '725 patent, are especially made, or adapted for use in making those compositions, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

65.     Defendants have indirectly infringed and continue to indirectly infringe one of more claims of the '725 patent by inducing third parties to infringe the '725 patent and by contributorily infringing the '725 Patent. Specifically, Defendants have actively encouraged and instructed other prospective buyers to use Zydex's lubricating additives in a manner that infringes the '725 patent.

66.     Defendants' infringement of the '725 patent is willful.

67.     Defendants will continue to infringe the '725 patent unless enjoined by this Court.

68.     Plaintiffs have been and continue to be damaged by Defendants' infringement of the '725 patent in an amount to be determined at trial.

69.     Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '725 patent is enjoined by this Court.

<u>**COUNT II**</u>
<u>**INFRINGEMENT OF THE '466 PATENT**</u>

70.     Plaintiffs repeat the allegations of paragraphs 1 through 69 above as fully set forth herein.

71.     Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '466 patent, literally or under the doctrine of equivalents, by importing, offering for sale, and/or selling lubricating additives, including the Zycotherm ZT, SP and SP2

16

products described herein, that are material to the claimed methods relating to warm mix asphalt paving compositions as claimed in the '466 patent, are especially made or adapted for using methods relating to warm mix asphalt paving compositions as claimed in the '466 patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

72.     Defendants indirectly infringe and continue to indirectly infringe one of more claims of the '466 patent by inducing third parties to infringe the '466 patent and by contributorily infringing the '466 Patent. Specifically, Defendants have actively encouraged and instructed other prospective buyers to use Zydex's lubricating additives in a manner that infringes the '466 patent.

73.     Defendant's infringement of the '466 patent is willful.

74.     Defendants will continue to infringe the '466 patent unless enjoined by this Court.

75.     Plaintiffs have been and continue to be damaged by Defendants' infringement of the '466 patent in an amount to be determined at trial.

76.     Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendants' infringement of the '466 patent is enjoined by this Court.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs request the following:

a.      A judgment that Defendants have infringed the '725 and '466 patents and that such infringement has been willful;

b.      An injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under or through them from directly or indirectly infringing the '725 or '466 patents;

c.      A judgment and order requiring Defendants to pay all damages arising from their infringement of the '725 and '466 patents, including treble damages for willful infringement pursuant to 35 U.S.C. § 284, with interest;

d.      A determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

e.      A judgment and order directing Defendants to pay the costs and expenses of this action and attorneys' fees pursuant to 35 U.S.C. § 285 and other applicable law, with interest; and

f.      Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby assert their right to, and hereby demand, a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  July 21, 2023

By: _____/s/_____
William R. Poynter, VSB No. 48672
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
wpoynter@kaleolegal.com
Phone: 757-238-6383
Fax: 757-304-6175

Jeffer Ali (to be admitted pro hac vice)
John C. Wittmer (to be admitted pro hac vice)
**PATTERSON THUENTE, P.A.**
4800 IDS Center
80 S. 8th Street
Minneapolis, MN  55402-2100
Phone: 612-349-3004
Fax:    612-349-9266
ali@ptslaw.com
wittmer@ptslaw.com

*Counsel for Plaintiffs*