IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

A.L.M. Holding Company, *et al.*,
    Plaintiffs,

    v.                                      Civil No. 3:23cv467 (DJN)

Hi-Tech Asphalt
Solutions, Inc. et al, *et al.*,
    Defendants.

## ORDER
**(Directing Plaintiff to Either Complete Service or Show Good Cause for Not Doing So)**

This matter comes before the Court on its own initiative. On July 21, 2023, Plaintiffs A.L.M. Holding Company and Ergon Asphalt & Emulsions, Inc. ("Plaintiffs") filed their Complaint. (ECF No. 1.) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs triggered a 90-day deadline of October 19, 2023 for completion of service on Defendants Hi-Tech Asphalt Solutions, Inc., Zydex Industries Private Limited and Zydex Inc. ("Defendants"). *See* F. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). On October 16, 2023, i.e., three days before the service deadline, Plaintiffs filed their Amended Complaint, (ECF No. 8), and reissued a set of proposed summonses, (ECF Nos. 9–11).

As multiple courts within the Fourth Circuit have emphasized, an amended complaint does not generally restart the service-of-process clock. *See, e.g., Cunningham v. Wells Fargo N.A.*, 2020 WL 5300843, at *4 (W.D.N.C. Sept. 4, 2020) (noting that "filing an Amended Complaint does not reset the service deadline"); *United States ex rel. Moore v. Cardinal Fin.*

*Co., L.P.*, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017) ("In general, filing an amended complaint does not reset the Rule 4(m) service period except as to those defendants newly listed in the amended complaint."); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 631 n.4 (E.D. Va. 2010) (same).

Here, Plaintiffs named two of the same defendants — Hi-Tech Asphalt Solutions, Inc. ("HTAS") and Zydex Inc. — in their Amended Complaint, (ECF No. 8 at ¶¶ 5–7). As to the third Defendant, Plaintiffs appear to have named the same corporate entity, albeit with slightly different language.[1] Because the Amended Complaint does not appear to have named any *different* defendants, Plaintiffs' filing of the Amended Complaint does not reset the 90-day service deadline of October 19, 2023.

Nonetheless, recent Fourth Circuit case law establishes that this Court "possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension") (emphasis in original).

---

[1] The original Complaint describes the third Defendant as follows: "Zydex Industries is a foreign company based in India, with a principal place of business at Zydex House, 61, Gotri — Sevasi Road, Vadodara — 390021, Gujarat, India. Upon information and belief, it is a manufacturer of chemical products, including the infringing products sold by defendant HTAS." (ECF No. 1 at ¶ 6.) The Amended Complaint describes the third Defendant in nearly identical language: "Zydex Industries Private Limited is a foreign company based in India, with a principal place of business at Zydex House, 61, Gotri — Sevasi Road, Vadodara — 390021, Gujarat, India. Upon information and belief, it is a manufacturer of chemical products, including the infringing products sold by defendant HTAS." (ECF No. 8 at ¶ 6.) Other than the addition of the "Private Limited" phrasing at the end of this Defendant's corporate name, the descriptions are the same.

Here, one of the three named Defendants constitutes a foreign business entity, which may have posed difficulty to Plaintiffs in effectively completing service of process. However, Rule 4 does not establish a different time limit for service as to foreign defendants. The Court therefore exercises its discretion to extend the service period pursuant to *Gelin v. Shuman*, 35 F.4th 212, and ORDERS Plaintiffs to, within seven (7) days of entry of this Order, either complete service of process against Defendants or to file a position with the Court showing good cause why they have not yet done so. Failure to follow this Order will result in DISMISSAL of the action.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                     /s/
                                      David J. Novak
                                      United States District Judge

Richmond, Virginia
Dated:  October 20, 2023