IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

A.L.M. Holding Company, *et al.*,
    Plaintiffs,

v.                                                  Civil No. 3:23cv467 (DJN)

Hi-Tech Asphalt
Solutions, Inc. et al, *et al.*,
    Defendants.

## ORDER
### (Dismissing Action Against Unserved Defendant)

This matter comes before the Court on its own initiative. On October 20, 2023, the Court ordered Plaintiffs A.L.M. Holding Company and Ergon Asphalt & Emulsions, Inc. ("Plaintiffs") to, within seven (7) days of entry of the Order, either complete service of process against Defendants Hi-Tech Asphalt Solutions, Inc., Zydex Industries Private Limited and Zydex Inc. ("Defendants") or to file a position with the Court showing good cause why they did not do so. (ECF No. 15.) Plaintiffs filed executed summonses against Defendants Hi-Tech Asphalt Solutions, Inc. and Zydex Inc. within that time frame, (ECF Nos. 16–17), but moved for another extension of time to complete service of process against Defendant Zydex Industries Private Limited, (ECF No. 18).

On October 30, 2023, the Court granted Plaintiffs' request for a second extension, ordering Plaintiffs to accomplish service of their Amended Complaint, (ECF No. 8), against Zydex Industries Private Limited by November 3, 2023. (ECF No. 19.) Plaintiffs failed to meet this deadline.

Federal Rule of Civil Procedure 4(m) stipulates that "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Fourth Circuit recently clarified that this Court "possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension") (emphasis in original).

Plaintiffs did not show good cause for why they failed to accomplish service by November 3, 2023. While the Court *may* grant another extension even in the absence of good cause shown, *Gelin v. Shuman*, 35 F.4th at 220, the Court has already granted Plaintiffs two extensions — totaling 15 days — beyond the 90-day standard service deadline to accomplish service against Defendant Zydex Industries Private Limited. (ECF Nos. 15, 19.) Accordingly, the Court exercises its discretion, pursuant to *Gelin v. Shuman*, 35 F.4th 212, and hereby DISMISSES the action as against Defendant Zydex Industries Private Limited. The action shall proceed as against Defendants Hi-Tech Asphalt Solutions, Inc. and Zydex Inc.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

                                              /s/
                                    David J. Novak
                                    United States District Judge

Richmond, Virginia
Dated:  November 6, 2023