IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

|  |  |
|---|---|
| A.L.M. HOLDING COMPANY and ERGON ASPHALT & EMULSTIONS, INC,<br><br>*Plaintiffs/ Counterclaim-Defendants*,<br><br>v.<br><br>HI-TECH ASPHALT SOLUTIONS, INC.,<br><br>*Defendant/Counterclaim-Plaintiff.* | Case No. 3:23cv467 (DJN) |

**DEFENDANT HI-TECH ASPHALT SOLUTIONS, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Hi-Tech Asphalt Solutions, Inc. ("HTAS"), by and through its undersigned counsel, hereby answers and responds to each of the allegations of Plaintiffs A.L.M. Holding Company ("A.L.M.") and Ergon Asphalt & Emulsions, Inc. ("Ergon") (collectively "Plaintiffs") in their First Amended Complaint dated October 16, 2023 (the "FAC") (Dkt. No. 8) as follows:

**ANSWER**

**INTRODUCTION**

1.      HTAS admits that the FAC purports to include claims for patent infringement. To the extent paragraph 1 of the FAC contains characterizations of any patents, such allegations are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the FAC, and on that basis denies them.

2.      HTAS denies the allegations of paragraph 2 of the FAC.

1

## THE PARTIES

3.      HTAS denies that A.L.M. is a national leader in industry research and development of sustainable products and green technologies.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3 of the FAC, and on that basis denies them.

4.      HTAS denies that Ergon is a national leader in asphalt industry research and development.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4 of the FAC, and on that basis denies them.

5.      HTAS admits paragraph 5 of the FAC.

6.      HTAS denies that it has committed acts of infringement.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6 of the FAC, and on that basis denies them.

7.      HTAS denies that it has committed acts of infringement.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7 of the FAC, and on that basis denies them.

## JURISDICTION AND VENUE

8.      HTAS admits that the FAC purports to include claims for patent infringement of U.S. Patent Nos. 7,815,725 B2 ("the '725 Patent") and 7,981,466 B2 ("the '466 Patent").

9.      The allegations of paragraph 9 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 9 of the FAC.

10.     The allegations of paragraph 10 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 10 of the FAC.

2

11.     HTAS denies that it has committed acts of infringement.  HTAS admits that it is incorporated in Virginia.  The remaining allegations of paragraph 11 of the FAC are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 11 of the FAC.

12.     The allegations of paragraph 12 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the FAC, and on that basis denies them.

13.     The allegations of paragraph 13 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the FAC, and on that basis denies them.

14.     The allegations of paragraph 14 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 14 of the FAC.

**FACTUAL ALLEGATIONS**

*The Patents-in-Suit*

15.     HTAS admits that the '725 Patent purports to have been issued on October 19, 2010, and is entitled "Warm Asphalt Binder Compositions Containing Lubricating Agents."  Except as expressly admitted, HTAS denies the allegations of paragraph 15 of the FAC.

16.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the FAC, and on that basis denies them.

17.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the FAC, and on that basis denies them.

3

18. HTAS admits that Exhibit A to the FAC purports to include a copy of the '725 Patent and two Ex Parte Reexamination Certificates. Except as expressly admitted, HTAS denies the allegations of paragraph 18 of the FAC.

19. To the extent paragraph 19 of the FAC contains characterizations of the '725 Patent, such allegations are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 19 of the FAC.

20. HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the FAC, and on that basis denies them.

21. HTAS denies the allegations of paragraph 21 of the FAC.

22. HTAS admits that the '466 Patent purports to have been issued on July 19, 2011, and is entitled "Warm Mix Asphalt Binder Compositions Containing Lubricating Additives." Except as expressly admitted, HTAS denies the allegations of paragraph 22 of the FAC.

23. HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the FAC, and on that basis denies them.

24. HTAS admits that Exhibit B to the FAC purports to include a copy of the '466 Patent, a Certificate of Correction, and an Ex Parte Reexamination Certificate. Except as expressly admitted, HTAS denies the allegations of paragraph 24 of the FAC.

25. HTAS admits that the '466 Patent purports to be a division of the '725 Patent. To the extent paragraph 25 of the FAC contains characterizations of the '466 Patent or the '725 Patent, such allegations are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 25 of the FAC.

26. HTAS lacks knowledge or information sufficient to form a belief as to the

4

allegations of paragraph 26 of the FAC, and on that basis denies them.

27.     HTAS denies the allegations of paragraph 27 of the FAC.

### *The Exclusive License to Ingevity*

28.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the FAC, and on that basis denies them.

29.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the FAC, and on that basis denies them.

### *The Prior Litigation*

30.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the FAC, and on that basis denies them.

31.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 31 of the FAC, and on that basis denies them.

32.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the FAC, and on that basis denies them.

33.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the FAC, and on that basis denies them.

34.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 34 of the FAC, and on that basis denies them.

35.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the FAC, and on that basis denies them.

36.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the FAC, and on that basis denies them.

### *The Zycotherm Asphalt Additives Sold by HTAS*

37.     HTAS admits that it distributes ZycoTherm, ZycoTherm SP, and ZycoTherm SP2,

5

which it purchases from Zydex, Inc.  Except as expressly admitted, HTAS denies the allegations of paragraph 37 of the FAC.

38.    HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the FAC, and on that basis denies them.

39.    HTAS admits that the quotations attributed to "the HTAS website" in paragraph 39 of the FAC consist of language that could be found at a website accessible at https://www.htas.com/zycotherm as of the date of this Answer.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 39 of the FAC, and on that basis denies them.

40.    HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the FAC, and on that basis denies them.

*Infringement of the '725 Patent*

41.    HTAS admits that paragraph 41 of the FAC purports to reproduce the language of claim 1 of the '725 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 41 of the FAC.

42.    HTAS admits that paragraph 42 of the FAC purports to reproduce the language of claim 25 of the '725 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 42 of the FAC.

43.    HTAS denies the allegations of paragraph 43 of the FAC.

44.    The allegations of the first sentence of paragraph 44 of the FAC are legal conclusions to which no response is required. To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 44 of the FAC.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 44 of the FAC, and on that basis denies them.

6

45.     The allegations of the first sentence and the final sentence of paragraph 45 of the FAC are legal conclusions to which no response is required.  To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 45 of the FAC. HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 45 of the FAC, and on that basis denies them.

46.     HTAS denies the allegations of the final sentence of paragraph 46 of the FAC. HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 46 of the FAC, and on that basis denies them.

*Infringement of the '466 Patent*

47.     HTAS admits that paragraph 47 of the FAC purports to reproduce the language of claim 1 of the '466 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 47 of the FAC.

48.     HTAS admits that paragraph 48 of the FAC purports to reproduce the language of claim 12 of the '466 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 48 of the FAC.

49.     HTAS admits that paragraph 49 of the FAC purports to reproduce the language of claim 17 of the '466 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 49 of the FAC.

50.     HTAS admits that paragraph 50 of the FAC purports to reproduce the language of claim 20 of the '466 Patent.  Except as expressly admitted, HTAS denies the allegations of paragraph 50 of the FAC.

51.     HTAS denies the allegations of paragraph 51 of the FAC.

52.     HTAS denies the allegations of the final sentence of paragraph 52 of the FAC.  The allegations of the first sentence of paragraph 52 of the FAC are legal conclusions to which no

7

response is required.  To the extent that any response to such allegations may be deemed required, HTAS denies the allegations of paragraph 52 of the FAC.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 52 of the FAC, and on that basis denies them.

53.     HTAS denies the allegations of paragraph 53 of the FAC.

54.     Because paragraph 54 of the FAC fails to identify any specific statements, HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 54 of the FAC, and on that basis denies them.

55.     HTAS denies that it has committed acts of infringement.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 55 of the FAC, and on that basis denies them.

56.     HTAS denies the allegations of paragraph 56 of the FAC.

*Prior Notice to HTAS and Zydex*

57.     HTAS admits that Plaintiffs sent HTAS a letter dated September 13, 2017.  To the extent that the allegations of paragraph 57 of the FAC seek to characterize the contents of that letter, HTAS states that the contents of that letter speak for themselves.  HTAS lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 57 of the FAC, and on that basis denies them.

58.     HTAS denies the allegations of paragraph 58 of the FAC.

59.     HTAS admits that Zydex Industries Private Limited replied to the September 13, 2017 letter through a letter dated October 3, 2017.  To the extent that the allegations of paragraph 59 of the FAC seek to characterize the contents of that letter, HTAS states that the contents of that letter speak for themselves.

60.     HTAS admits that Plaintiffs did not send a further letter to Zydex.  HTAS lacks

knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 60 of the FAC, and on that basis denies them.

61.     HTAS lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 61 of the FAC, and on that basis denies them.

**COUNT I**
**ALLEGED INFRINGEMENT OF THE '725 PATENT**

62.     HTAS incorporates by reference its responses to the allegations of paragraphs 1 through 61 as though fully set forth herein.

63.     HTAS denies the allegations of paragraph 63 of the FAC.

64.     HTAS denies the allegations of paragraph 64 of the FAC.

65.     HTAS denies the allegations of paragraph 65 of the FAC.

66.     HTAS denies the allegations of paragraph 66 of the FAC.

67.     HTAS denies the allegations of paragraph 67 of the FAC.

68.     HTAS denies the allegations of paragraph 68 of the FAC.

69.     HTAS denies the allegations of paragraph 69 of the FAC.

**COUNT II**
**ALLEGED INFRINGEMENT OF THE '466 PATENT**

70.     HTAS incorporates by reference its responses to the allegations of paragraphs 1 through 69 as though fully set forth herein.

71.     HTAS denies the allegations of paragraph 71 of the FAC.

72.     HTAS denies the allegations of paragraph 72 of the FAC.

73.     HTAS denies the allegations of paragraph 73 of the FAC.

74.     HTAS denies the allegations of paragraph 74 of the FAC.

75.     HTAS denies the allegations of paragraph 75 of the FAC.

76.     HTAS denies the allegations of paragraph 76 of the FAC.

## GENERAL DENIAL

Except as specifically admitted herein, HTAS denies the remaining allegations in the FAC.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

HTAS denies that Plaintiffs are entitled to any relief whatsoever in this Action, either as requested in the FAC or otherwise.

## HTAS'S AFFIRMATIVE DEFENSES

Under Federal Rule of Civil Procedure 8(c), and without altering any applicable burdens of proof, HTAS asserts the following defenses to the FAC and reserves the right to assert additional defenses.

### First Affirmative Defense
(Failure to State a Claim)

The FAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
(Lack of Standing)

Plaintiffs lack standing to bring their claims.

### Third Affirmative Defense
(Patent Invalidity/Unenforceability)

Each of the claims of the '725 Patent and the '466 Patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. §§ 101 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, and 282.

### Fourth Affirmative Defense
(Prosecution History Estoppel)

Plaintiffs are estopped, based on statements, representations, and admissions made in the specification of the patent applications, made during prosecution of the patent applications that led to the '725 Patent and the '466 Patent, made during prosecution of related applications, and/or made

10

during reexaminations of the same, from asserting that the claims of the '725 Patent and the '466 Patent are infringed by HTAS, or by HTAS's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.

### Fifth Affirmative Defense
(Doctrine of Equivalents)

HTAS's accused methods, systems, products, and/or features operate and/or are configured in ways substantially different in principle from the purported invention(s) described in the '725 Patent and the '466 Patent, and Plaintiffs cannot sustain their burden of proving otherwise.

### Sixth Affirmative Defense
(Equitable Defenses)

Plaintiffs' claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, acquiescence, and/or unclean hands.

### Seventh Affirmative Defense
(No Willfulness)

HTAS has not engaged in any conduct that constitutes willful infringement or that would otherwise entitle Plaintiffs to an award of enhanced damages under 35 U.S.C. § 284.  HTAS does not, did not, and could not believe that it infringes any valid and enforceable claim of the '725 Patent or the '466 Patent either literally or under the doctrine of equivalents.

### Eighth Affirmative Defense
(No Damages)

Plaintiffs' claims are barred, in whole or in part, because HTAS has not caused Plaintiffs any damages and Plaintiffs have suffered no damages, or, if Plaintiffs did suffer any injury or damages, which is expressly denied, then said injury or damages resulted from Plaintiffs' own acts and/or omissions.

**Ninth Affirmative Defense**
(Limitation on Damages)

Plaintiffs are barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 287 and/or 288. For example, Plaintiffs are barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. § 287(a) due to Plaintiffs' and Plaintiffs' licensees' failure to mark products embodying the '725 Patent and the '466 Patent.

**Tenth Affirmative Defense**
(Statute of Limitations)

Plaintiffs are precluded from recovering any damages for any alleged infringement that occurred more than six years prior to the commencement of this action under 35 U.S.C. § 286.

**Eleventh Affirmative Defense**
(No Exceptional Case)

Plaintiffs cannot prove that this is an exceptional case justifying an award of attorney fees against HTAS pursuant to 35 U.S.C. § 285.

**Twelfth Affirmative Defense**
(No Injunctive Relief)

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, Plaintiffs would have an adequate remedy at law if they could establish liability, and/or public policy concerns would weigh against any injunctive relief.

**Thirteenth Affirmative Defense**
(Customer Suit Exception)

Pursuant to the customer suit exception, Plaintiffs may not maintain this action.

**Additional Defenses**

HTAS's investigation of its defenses is ongoing, and HTAS expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the

12

patent laws of the United States, and any other defense, at law or in equity, that may now exist or may in the future be available based upon discovery and further investigation in this case.

## HTAS'S PRAYER FOR RELIEF

WHEREFORE, HTAS requests the following judgments and relief against A.L.M. and Ergon:

a. a judgment in favor of HTAS, and against Plaintiffs, on all of Plaintiffs' claims against HTAS, with Plaintiffs being awarded no relief of any kind, including but not limited to their request for damages and injunctive relief;

b. an order that the '725 Patent and the '466 Patent are invalid;

c. an order finding that this is an exceptional case and awarding HTAS its costs, expenses, disbursements, and reasonable attorneys' fees in defending against Plaintiffs' claims under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

d. such other relief, in law or equity, as this Court deems just and proper.

## JURY DEMAND

HTAS joins Plaintiffs' request for a jury trial on all issues triable by jury.

13

## HTAS'S COUNTERCLAIMS

1.      Hi-Tech Asphalt Solutions, Inc. ("HTAS") brings these counterclaims against A.L.M. Holding Company ("A.L.M.") and Ergon Asphalt & Emulsions, Inc. ("Ergon") (collectively "Counterclaim-Defendants") for a judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, declaring that (1) all claims of U.S. Patent Nos. 7,815,725 B2 ("the '725 Patent") and 7,981,466 B2 ("the '466 Patent") are not infringed and are invalid.

## THE PARTIES

2.      HTAS is a Virginia corporation with a principal place of business at 6055 Mechanicsville Turnpike, Mechanicsville, Virginia 23111.

3.      A.L.M. alleges in paragraph 3 of the FAC that it is a Wisconsin corporation with a principal place of business at 920 10th Avenue North, Onalaska, Wisconsin 54650.

4.      Ergon alleges in paragraph 4 of the FAC that it is a Mississippi corporation with a principal place of business at 2829 Lakeland Drive, Jackson, Mississippi 39232.

## JURIDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, Title 35 of the United States Code.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      Personal jurisdiction and venue in this District are proper at least given Counterclaim-Defendants claims against HTAS.  Venue is also proper under 28 U.S.C. § 1391.

## BACKGROUND

7.      Counterclaim-Defendants have filed suit alleging that HTAS infringes, has infringed, or has induced others to infringe the '725 Patent and the '466 Patent.

8.      HTAS has denied that it infringes, has infringed, or has induced others to infringe

14

any valid claim of the '725 Patent and the '466 Patent.

9.      HTAS has further contested the validity and enforceability of the '725 Patent and the '466 Patent.

10.     Based on the foregoing, there is an actual, immediate, and justiciable controversy between Counterclaim-Defendants and HTAS as to infringement, invalidity, and unenforceability of the '725 Patent and the '466 Patent.

**FIRST COUNTERCLAIM**
**<u>DECLARATORY JUDGMENT OF NO INFRINGEMENT OF THE '725 PATENT</u>**

11.     HTAS incorporates by reference all preceding and succeeding paragraphs of these Counterclaims and HTAS's Answer.

12.     HTAS has not infringed, does not infringe, and has not induced the infringement by others of any valid claim of the '725 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

13.     Accordingly, HTAS is entitled to a declaration that it has not infringed, does not infringe, and has not induced the infringement by others of any valid claim of the '725 Patent, either directly, indirectly, literally, or through the doctrine of equivalents.

**SECOND COUNTERCLAIM**
**<u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '725 PATENT</u>**

14.     HTAS incorporates by reference all preceding and succeeding paragraphs of these Counterclaims and HTAS's Answer.

15.     The asserted claims of the '725 Patent are invalid for failure to meet the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

16.     Accordingly, HTAS is entitled to a declaration that the asserted claims of the '725 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM
### DECLARATORY JUDGMENT OF NO INFRINGEMENT OF THE '466 PATENT

17.    HTAS incorporates by reference all preceding and succeeding paragraphs of these Counterclaims and HTAS's Answer.

18.    HTAS has not infringed, does not infringe, and has not induced the infringement by others of any valid claim of the '466 Patent, either directly, indirectly, literally, or under the doctrine of equivalents.

19.    Accordingly, HTAS is entitled to a declaration that it has not infringed, does not infringe, and has not induced the infringement by others of any valid claim of the '466 Patent, either directly, indirectly, literally, or through the doctrine of equivalents.

## FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '466 PATENT

20.    HTAS incorporates by reference all preceding and succeeding paragraphs of these Counterclaims and HTAS's Answer.

21.    The asserted claims of the '466 Patent are invalid for failure to meet the conditions of patentability, including but not limited to those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.    Accordingly, HTAS is entitled to a declaration that the asserted claims of the '466 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### PRAYER FOR RELIEF AS TO HTAS'S COUNTERCLAIMS

23.    HTAS requests the following relief:

    a.    a judgment in favor of HTAS and against Counterclaim-Defendants, on all of HTAS's claims against Counterclaim-Defendants;

    b.    an order finding, declaring, and adjudging that HTAS does not infringe, and does not induce infringement by others of any valid and enforceable claim of the '725

16

Patent or the '466 Patent, directly, indirectly, literally, or under the doctrine of equivalents, and has never done so;

c.   an order finding, declaring, and adjudging that HTAS does not willfully infringe, and does not willfully induce infringement by others of any valid and enforceable claim of the '725 Patent or the '466 Patent, directly, indirectly, literally, or under the doctrine of equivalents, and has never done so;

d.   an order finding, declaring, and adjudging that all claims of the '725 Patent and the '466 Patent are invalid;

e.   an order finding that this is an exceptional case and awarding HTAS its respective costs, expenses, disbursements, and reasonable attorneys' fees in defending against Counterclaim-Defendants' claims under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

f.   such other relief, in law or equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL AS TO HTAS'S COUNTERCLAIMS

24.   HTAS respectfully requests a jury trial on all issues so triable with respect to its Counterclaims.

17

DATED:  November 14, 2023

THE LAW OFFICES OF CHARLES B. MOLSTER, III PLLC

By:     /s/
Charles B. Molster, III
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
(703) 346-1505
cmolster@molsterlaw.com

*Attorney for Defendant*
*Hi-Tech Asphalt Solutions, Inc.*

OF COUNSEL:

Andrew D. Gish (Admitted Pro Hac Vice)
Raymond J. Bilderbeck (Admitted Pro Hac Vice)
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
(212) 518-2000

Ryan K. Iwahashi (Admitted Pro Hac Vice)
GISH PLLC
50 California Street, Suite 1500
San Francisco, California 94111
(415) 630-2000

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, thereby effecting service upon all counsel of record through the Notice of Electronic Filing issued by the system.

/s/
Charles B. Molster, III
